UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| LESLIE C. WASHINGTON, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | Case No. 3:09-cv-89(CFD) |
| | : | |
| D. SCOTT DODRILL, et al., | : | |
| Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR DISMISSAL
AND SUMMARY JUDGMENT [Dkt. #27]**

Plaintiff, Leslie Washington, commenced this civil rights action *pro se* against eighteen federal correctional officials located at various correctional facilities throughout the United States. In her complaint, she asserted claims of retaliation, denial of access to the administrative remedy process, violation of her right to privacy, deliberate indifference, cruel and unusual punishment, racism, and failure to review evidence demonstrating her innocence of disciplinary offenses. *See* Compl. at 7. She sought damages as well as injunctive relief. *See* Compl. at 8.

On May 18, 2009, Washington filed a motion for clarification in which she stated that the only relief she sought in this action was removal of two disciplinary infractions from her prison record. She indicated that does not seek compensation despite her inclusion of a request for damages in the complaint. *See* Doc. #5 at 3. In reliance on these statements, the defendants move to dismiss or for summary judgment, *inter alia*, on the ground that Washington has not properly exhausted her administrative remedies with regard to the two disciplinary charges. Because the Court has considered the exhibits attached to defendants' motion, it considers the motion as a motion for summary judgment. For the reasons that follow, the defendants' motion is granted.

**I.      Standard of Review**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine disputes of material fact in dispute and that it is therefore entitled to judgment as a matter of law.  *See* Rule 56(a), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The moving party may satisfy this burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  *Patterson v. County of Oneida, NY*, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'"  *Dawson v. County of Westchester*, 373 F.3d 265,

272 (2d Cir. 2004) (quoting *Anderson*, 477 U.S. at 252)).

II. **Facts**[1]

The following facts are relevant to Washington's claims concerning the challenged disciplinary actions. In May 2002, following her conviction on charges of aiding and abetting bank robbery and aiding and abetting possession of a firearm in furtherance of a bank robbery, Washington was sentenced to a total term of imprisonment of 125 months, followed by a two-year term of supervised release. She has been incarcerated at various federal correctional facilities throughout the United States. Washington was released from custody on August 20, 2010. *See* www.bop.gov/iloc2/InmateFinderServlet?Transaction=ISDearch&needingMoreList=false &IDType=IRN&IDNumber=29733-039&x=748&y=18 (last visited Oct. 21, 2010).

The Bureau of Prisons ("BOP") has an administrative remedy procedure to enable inmates to obtain formal review of complaints regarding any aspect of their imprisonment. The administrative remedy program has four steps. *See* 28 C.F.R. § 542. First, the inmate must attempt to resolve the issue informally with staff. *See* 28 U.S.C. § 542.13(a). If the issue cannot be resolved informally, the inmate submits a

---

[1] The facts are taken from Defendants' Local Rule 56(a)1 Statement. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. *See* D. Conn. L. Civ. R. 56(a)2 & 56(a)3.

Although the defendants provided the required notice informing Washington of her obligation to respond to the motion for summary judgment and the contents of a proper response, Washington has not filed the required Local Rule 56(a)2 Statement. Thus, defendants' facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.").

3

formal written Administrative Remedy Request to the Warden on the appropriate form. This request must be submitted within twenty days from the event giving rise to the complaint. *See* 28 C.F.R. § 542.14(a). If the Warden denies the formal request, the inmate may appeal the denial to the appropriate BOP Regional Director. This appeal must be submitted within twenty days from the day the Warden signs a response. *See* 28 C.F.R. § 542.15(a). If the Regional Director denies the appeal, the inmate may appeal that denial to the BOP Central Office within thirty days from the date the Regional Director signs the response. *See id.* An inmate has not exhausted her administrative remedies until she receives a response from the Central Office.

If an inmate has not complied with the submission requirements at any level, the Administrative Remedy Coordinator may reject and return the filing to the inmate with a notice of rejection. The notice informs the inmate of the reason for rejection and provides the inmate with a reasonable time to correct the deficiency and resubmit the request or appeal. *See* 28 C.F.R. § 542.17(a) and (b).

Washington is familiar with the administrative remedy procedures, having filed over two hundred administrative remedy requests and appeals while incarcerated in federal correctional facilities.

On April 17, 2006, Washington filed an administrative remedy request with the Warden at the Federal Prison Camp in Alderson, West Virginia ("FPC Alderson"), claiming that the disciplinary action taken following a March 28, 2006 incident report was unfair. The Warden denied the request on May 31, 2006. Defs.' Mem. Ex. E at 5 and Ex. F.

On June 5, 2006, Washington sent a Regional Administrative Remedy Appeal to

4

the Mid-Atlantic Regional Office. The submission was rejected on that date because Washington had been transferred to a facility in the Northeast Region. She was directed to file her appeal with the Northeast Regional Office. Defs.' Mem. Ex. E at 5 and Ex. G. On June 12, 2006, Washington submitted a second appeal to the Mid-Atlantic Regional Office. The appeal was rejected. The notice informed Washington that she previously had been advised to file the notice with the Northeast Regional Office. Defs.' Mem. Ex. E at 5 and Ex. H.

On July 19, 2006, Washington submitted a third appeal, this time to the Northeast Regional Office. The appeal was rejected on July 21, 2006, as untimely filed, code UTR. The notice informed Washington that the previous appeal was rejected by the Mid-Atlantic Regional Office on June 22, 2006, so her appeal to the Northeast Regional Office was due no later than July 12, 2006. Defs.' Mem. Ex. E at 6 and Ex. I. Washington attempted to submit a second appeal to the Northeast Regional Office on August 7, 2006. This appeal also was rejected as untimely filed. Washington was advised that she could appeal to the Central Office if she disagreed with the decision. Defs.' Mem. Ex. E at 7 and Ex. J.

On August 29, 2006, Washington submitted an appeal to the Central Office. The appeal was rejected on September 8, 2006, as being filed at the wrong level, code WRL, because she had not received a response, other than rejection, from the regional appeal . Defs.' Mem. Ex. K. On November 27, 2006, Washington submitted a fifth regional appeal which, again, was rejected as untimely filed. Defs.' Mem. Ex. E at 8 and Ex. L. Finally, on December 14, 2006, Washington submitted one last appeal to the Central Office. This appeal was rejected as untimely filed. Defs.' Mem. Ex. E at 8

and Ex. M.

On December 1, 2006, Washington received an incident report at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). On December 8, 2006, she filed an administrative remedy request with the Warden at FCI Danbury seeking to expunge the incident report from her record. The request was rejected the same day because Washington failed to attach a copy of the incident report to her request. She was told she could resubmit the request along with a copy of the incident report within five days. Defs.' Mem. Ex. E at 8 and Ex. N.

Washington attempted to resubmit the request to the Warden on February 5, 2007. The request was rejected the same day as untimely filed pursuant to the direction to refile the request within five days. Defs.' Mem. Ex. E at 8 and Ex. O. Correctional records indicate that Washington did not pursue any other administrative remedies with regard to the FCI Danbury incident report.

### III.    Discussion

Although Washington included a variety of claims in her complaint and requested damages as well as injunctive relief, the Court accepts Washington's statements in her motion for clarification [Dkt. #5] that the only remedy she seeks in this action is the removal of the two disciplinary charges from her prison record. Thus, the Court considers all other claims to be withdrawn.

Defendants move for summary judgment as to the remaining claims on the ground that Washington failed to properly exhaust her administrative remedies before commencing this action. In response, Washington does not address the exhaustion requirement.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are available" before bringing an "action ... with respect to prison conditions." The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, regardless of whether the inmate may obtain the specific relief she desires through the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

Inmates must properly exhaust their administrative remedies. This requirement includes complying with all procedural requirements, including filing deadlines. *See id.* at 94-95; *Jones v. Bock*, 549 U.S. 199, 218 (2007) (requiring that inmates complete the administrative remedy process in accordance with institutional rules to properly exhaust administrative remedies).

The BOP administrative remedy process applies to challenges to incident reports and to the sanctions received as a result of an incident report. *See* Defs.' Mem. Ex. A, Magnusson Decl., ¶ 6. Thus, Washington was required to comply with the BOP administrative remedy process described above. She failed to timely file her appeal on the FPC Alderson incident report when she submitted it to the Northeast Regional Office seven days beyond the twenty-day deadline. Washington failed to timely file her administrative remedy request on the FCI Danbury incident report when she resubmitted the request to the Warden fifty-nine days after the first request was rejected instead of within five days as instructed. Thus, Washington has not properly exhausted her administrative remedies on her claims regarding either incident report.

7

The defendants' motion for summary judgment is granted on these claims.[2]

**IV.    Conclusion**

Defendants' Motion for Dismissal or Summary Judgment [**Dkt. #27**] is **GRANTED**.  The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**

Dated this 20th day of January, 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge

---

[2] The Court also notes that Washington has not updated her address since her release from custody in August 2010.  On September 16, 2010, mail sent to Washington at the address on file with the Court was returned as undeliverable.  Local court rules require that a pro se litigant must provide an address **within the District of Connecticut** at which service may be made upon him.  See D. Conn. L. Civ. R. 83.1(c)2.  Thus, the Court also could have dismissed this case for failure to comply with court rules.